## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MYRA POPAL,<br><br>               Plaintiff,<br><br>-against-<br><br>XAVIER UNIVERSITY SCHOOL OF MEDICINE,<br><br>               Defendant. | Case No.:  1:26-cv-1819<br><br>(Index No.: EF001198-2026)<br><br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1447, Defendant Xavier University School of Medicine ("Xavier" or "Defendant"), by and through their undersigned attorneys of record, hereby remove to this Court the state action described herein from the Supreme Court of New York, Orange County, to the United States District Court for the Southern District of New York.  Pursuant to U.S.C. § 1446(d), copies of this Notice of Removal[1] shall be served on Plaintiff Myra Popal's ("Plaintiff") counsel at the addresses listed on Plaintiff's Supreme Court action (the "Supreme Court Action") and filed with the clerk of the Supreme Court. The specific grounds for removal are detailed below.

### INTRODUCTION

On or about February 5, 2026, Plaintiff served a Summons and Complaint ("Complaint") against Xavier in the New York Supreme Court, Orange County.[2]

The Supreme Court Action purports to assert the following causes of action: (1) breach of contract; (2) unjust enrichment; and (3) violation of New York General Business Law §§ 349, 350.

---

[1]     Defendant reserves all rights, including but not limited to their right to raise defenses and objections as to venue and personal jurisdiction and to move to dismiss the Complaint.  This Notice of Removal shall not be construed as a waiver of these rights.  Defendant further reserves the right to amend or supplement this Notice of Removal.

[2]     A true and correct copy of the Complaint is annexed hereto as Exhibit 1.  A true and correct copy of the Notice of Electronic Filing is annexed hereto as Exhibit 2.

Ex. 1 at ¶¶ 44-75.  The causes of action alleged in the Complaint derive from Defendant's alleged conduct related to a scholarship award formerly awarded to Plaintiff.  *Id.* at ¶¶ 1, 14-43.

## BASIS FOR REMOVAL

### I.    Removal is Proper Because this Court Has Original Jurisdiction

Pursuant to 28 U.S.C. § 1332(a)(2), this Court has original subject matter jurisdiction over this dispute because: "(1) complete diversity[3] exists between the parties"; and "(2) the amount in controversy exceeds $75,000, exclusive of interest and costs."  *O'Neill v. Michaels Co., Inc.*, 2025 U.S. Dist. LEXIS 118010, *1 (S.D.N.Y. 2025); *Barrera v. Bethel*, 2023 U.S. Dist. LEXIS 211339, *2 (S.D.N.Y. 2023) (same) (citing 28 U.S.C. § 1332(a)(2)).

A.  Diversity of Citizenship

The requirement of complete diversity of citizenship, which exists if no plaintiff in an action is a citizen of the same state as any defendant, is satisfied here.  *See Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) ("The Supreme Court has interpreted 'citizens of different States' to grant jurisdiction only 'if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State'") (citing *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (U.S. 1998)).

An individual's citizenship, "within the meaning of the diversity statute, is determined by his domicile."  *Barrera*, 2023 U.S. Dist. LEXIS 211339, *2-3 (citing *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000)); *Johnson v. Smithsonian Inst.*, 4 Fed. Appx. 69, 70 (2d Cir. 2001) (same) (citing *Palazzo*, 232 F.3d at 42).  Domicile is "the place where a person has 'his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'"

---

[3]    "The diversity of citizenship of the parties is determined at the time the action is commenced."  *Caldararo v. Kwokau*, 1983 U.S. Dist. LEXIS 13646, *1 (S.D.N.Y. 1983) (citing 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3608 (1975))

*Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) (citing Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3612, at 526 (2d ed. 1984)); *Chigirinskiy v. Panchenkova*, 252 F. Supp. 3d 379, 381 (S.D.N.Y. 2017) (same) (citing *Palazzo*, 232 F.3d at 42).

For diversity purposes, "[a] corporation is deemed a citizen of both its place of incorporation and the state where it maintains its 'principal place of business.'" *G.V. Trademark Invs., Ltd. v. Gemini Shirtmakers, Inc.*, 1999 U.S. Dist. LEXIS 16161, *2 (S.D.N.Y. 1999) (citing 28 U.S.C. § 1332(c)(1)); *Mazaya Trading Co. v. Li & Fung Ltd.*, 833 Fed. Appx. 841, 843 (2d Cir. 2020) (same) citing *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012)).

Here, complete diversity exists. As alleged in Plaintiff's Complaint, Plaintiff is a citizen of Minnesota. Ex. 1 at ¶ 8 ("Plaintiff resides in Minnesota State in Scott County"). Xavier is incorporated under the laws of Aruba[4] with a principal place of business in Aruba. Accordingly, because "no plaintiff in an action is a citizen of the same state as any defendant," (*Platinum-Montaur Life Scis., LLC*, 943 F.3d at 617), complete diversity exists under 28 U.S.C. § 1332(a)(2).

B. <u>Amount in Controversy</u>

The amount in controversy in the above-captioned action (the "Action") exceeds $75,000. To determine the amount in controversy, a court looks to the face of the complaint. 28 U.S.C § 1446(c)(2); *see also Milgrim Thomajan & Lee P.C. v. Nycal Corp.*, 775 F. Supp. 117, 121 (S.D.N.Y.

---

[4]      Xavier is incorporated under the laws of Aruba pursuant to Book 2 of the Civil Code of Aruba. Burgerlijk Wetboek van Aruba, Boek 2, tit. 2, arts. 50–58 (2de ed. 2024) (Aruba). A true and correct copy of Xavier's Articles of Incorporation is annexed hereto as Exhibit 3. "Foundations" under Aruban law are governed by Title 2 (Articles 50–58), which require that a foundation be formed by notarial deed containing its statutes and be registered with the Aruba Chamber of Commerce. A foundation is "incorporated" under Book 2 of the Civil Code, when it is established by notarial deed containing its statutes (including its name, its purpose, and its method of board appointment), is registered with the Aruba Chamber of Commerce, and—once formed—constitutes a legal person under Aruban law. *Burgerlijk Wetboek van Aruba*, Boek 2, tit. 2, arts. 50–58 (2de ed. 2024) (Aruba). Xavier meets each of these requirements: its notarial deed contains all mandatory statutory elements, identifies its board-appointment structure, articulates its nonprofit purposes, and the entity is duly registered with the Aruba Chamber of Commerce. *See* Ex. 3.

1991) ("It is well established that the amount in controversy for purposes of diversity jurisdiction should be determined from the face of the complaint itself") (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (U.S. 1961)).

Here, the amount in controversy exceeds $75,000. Plaintiff claims she is entitled to $85,000 in damages. Ex. 1 at pp. 11. Because the damages Plaintiff claims she is entitled to exceeds $75,000, the amount in controversy satisfies the requirements under 28 U.S.C. § 1332(a)(2).

II.    **Defendant Has Satisfied the Procedural Requirements for Removal**

Defendant's Notice of Removal satisfies the federal and local procedural requirements for removing a civil action from state to federal court. *See* 28 U.S.C. §1446; *see also Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York* (effective Jan. 2, 2025).

Defendant received a copy of the Complaint by electronic mail on February 5, 2026. This Notice of Removal is therefore timely filed pursuant to 28 U.S.C. §1446(b)(1), which provides that such notice must be filed within 30 days after the defendant's receipt of the complaint.

Further, this Court is the proper court to which to remove this action, as it is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1446(a). Copies of this Notice of Removal are being filed with the Supreme Court of New York, Orange County and served upon Plaintiff. 28 U.S.C. §1446(d).

Dated: March 5, 2026                     Respectfully submitted,

                              **LUCOSKY BROOKMAN, LLP**

                              */s/ Willard Shih*
                              WILLARD SHIH, ESQ.
                              111 Broadway, Suite 807
                              New York, NY 10006

wshih@lucbro.com
(732) 510-5653

Donald E. Taylor, Esq.  (*pro hac vice*
*forthcoming*)
LUCOSKY BROOKMAN, LLP
101 Wood Avenue South
Woodbridge, NJ 08830
(732) 510-0604
dtaylor@lucbro.com

***ATTORNEY FOR DEFENDANT***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was electronically filed using the Court's electronic filing system this 5th day of March, 2026, and served upon all counsel of record via the same.

/s/ Willard Shih
WILLARD SHIH, ESQ.